IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Steven Scott, | ) | Case No. 6:20-cv-3344-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Mr. Murray, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report") made in

accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South

Carolina and Gary Steven Scott's ("Plaintiff" or "Scott") Motion for Injunctive Relief (DE 54).[1]

Scott proceeding *pro se* brought this civil action pursuant to 42 U.S.C. § 1983. (DE 1.) Plaintiff

is an inmate in the custody of the South Carolina Department of Corrections and has brought a

claim alleging Defendant subjected him to cruel and unusual punishment and deprived him of due

process by failing to repair the overhead light in his cell. The Report addresses Mr. Murray's

("Defendant" or "Murray") motion to dismiss pursuant to 12(b)(6), Fed. R. Civ. P. (DE 24), Scott's

Motion to Amend his Complaint (DE 27), and Motion for an Extension of Time to File Additional

Documents (DE 45). The Report recommends granting Defendant's converted Motion for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Summary Judgement as Scott failed to exhaust his administrative remedies before filing his Complaint.[2]  Additionally, the Report recommends that Scott's Motion for an Extension of Time to File Additional Documents (DE 45) and Motion to Amend the Complaint (DE 27) be denied. For the following reasons, the Court adopts the Report.

Although Scott raises several objections, to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Scott made several objections, which will be discussed *seriatim*.  First, Scott objects to the Report because he claims "that none of the Magistrates Correspondence to the Plaintiff in this action has ever been about exhaustion" (DE 55, pp. 2-3.) Rather, Scott contends the Magistrate's Roseboro Order (DE 25) ordered him to submit documents that would prove the Plaintiff stated a claim for which relief can be granted.  However, the Report appropriately addressed Scott's objection by stating that, "[t]his argument is also without merit. The Roseboro order simply advises pro se litigants of the dismissal/summary judgment procedures

---

[2]      As both parties submitted additional material outside the complaint in relation to the Motion to dismiss, the Report converted the motion to a Motion for Summary Judgment.

under Federal Rules of Civil Procedure 12 and 56 and the possible consequences if the pro se party fails to respond adequately to the opposing party's motion (see doc. 25)." (DE 49, n 3.) Therefore, Scott's objection is unfounded and without merit. Secondly, Scott further objects to the Report's recommendation of summary judgment in favor of Defendant based on Scott's failure to exhaust his administrative remedies because he filed a Step 1 grievance, although he does not detail the outcome of that purported filing. In fact, the Report explains that the Step 1 grievance filed November 9, 2019, was returned to Plaintiff unprocessed, but the Plaintiff has not shown that he did anything in an attempt to rectify the return of his Step 1 grievance. Further, the Plaintiff's own Complaint states, "Plaintiff did not file a grievance because South Carolina Prisoners in SCDC DO NOT have a Constitutional right to have SCDC Comply with its own grievance Procedure." (DE 1, p. 14.) Given the Plaintiff's own admissions regarding his failure to file a grievance, this objection is overruled.

Lastly, Scott objects to the Report's recommendation of summary judgment contending that he had exhausted his administrative remedies because he waited eleven months from the date of his alleged injury to file his Complaint. (DE 55, p. 8.) In support, Scott cites Jackson v. Lewis, No. C.A. 4:09-918TLWTER, 2009 WL 1639575, at *3 (D.S.C. June 11, 2009) (holding "Under such circumstances, an inmate of the South Carolina Department of Corrections who files a Step 1 grievance but receives no response thereto must wait at least 114 days (approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted such administrative remedies as are available"). The Court finds Scott's objection unpersuasive because unlike in Jackson, Scott, by his own admission, never filed a grievance in order to exhaust his administrative remedies, nor does he allege that he was prevented from doing so. Therefore, the Court adopts the Report and grants Defendant's Motion for Summary

Judgement. Further, since Scott did not raise any objections to the Report's recommendations regarding Plaintiff's Motion to Amend (DE 27) and Motion for Extension of Time to file additional documents (DE 45), this court is not required to give any explanation for adopting the recommendation.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

## CONCLUSION

It is, therefore, **ORDERED** that the Plaintiff's motion for extension of time to file additional documents (DE 45) is denied, Plaintiff's motion to amend (DE 27) is denied, and Defendant's Motion for Summary Judgment (DE 24) is granted.

**IT IS SO ORDERED**.

<u>s/Joseph Dawson, III</u>
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
July 28, 2021

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.